IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTYN POLK, )
)
                    Plaintiff, )
)
v. )          Case No. 23-2415-JWL
)
GARY BUNTING; KELVIN BELLINGER; )
and VINCENT GONZALEZ, )
)
                    Defendants. )
)
_____)

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Douglas County Correctional Facility (DCCF) in Douglas County, Kansas, filed this action *pro se* against three officers at DCCF.  Plaintiff claims violations of federal and Kansas law with respect to his religious practices at DCCF.  This matter presently comes before the Court on defendants' motion to dismiss all claims (Doc. # 6).  For the reasons set forth below, the motion is hereby **granted in part and denied in part**.  The motion is granted with respect to all claims relating to plaintiff's second, third, and fourth grievance issues (regarding music, meals trays, and holiday meals, respectively), and any such claims are hereby dismissed, although plaintiff is granted leave to file an amended complaint to attempt to state claims based on his fourth issue.  The motion is further granted with respect to the following claims, which are hereby dismissed:  (1) plaintiff's equal protection claim under Section 1983 (issue one) to the extent asserted against defendants in their official capacities (although plaintiff is granted leave to amend

to attempt to state such a claim); (2) plaintiff's federal statutory claim (under RLUIPA) to the extent asserted against defendants in their individual capacities; (3) plaintiff's federal constitutional claims under Section 1983 for punitive damages to the extent asserted against defendants in their official capacities; and (4) plaintiff's claims for injunctive relief to the extent asserted against defendants in their individual capacities. The motion is otherwise denied.

I.     **Background**

Plaintiff is a detainee at DCCF, where the three defendants serve as officers. In 2022 and 2023, plaintiff filed various administrative grievances, to which defendants responded. In those grievances, plaintiff claimed violations of his rights with respect to four issues relating to his religious practices:[1] (1) the refusal to allow plaintiff to own the religious texts that DCCF has provided to him; (2) the failure to provide sufficient music for plaintiff to play while praying; (3) the failure to provide meals that conform to his religious beliefs; and (4) and failure to provide meals to allow for his observance of certain religious holidays.[2]

In March 2023, plaintiff initiated this action by filing a *pro se* petition in the District Court of Douglas County, Kansas, against the three defendants in both official and

---

[1] In his petition, plaintiff has not identified his particular religion. In his grievances, plaintiff referred to beliefs associated with paganism, Wicca, and Asatru.

[2] Plaintiff also raised a fifth issue in his grievances, relating to a ritual cleansing, but he has made clear in his petition that he does not assert a claim in this action based on that issue.

2

individual capacities.  By the petition, and as clarified in his briefs, plaintiff asserts the following claims: (1) based on his first grievance issue, a claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, asserted pursuant to 42 U.S.C. § 1983; and (2) based on his other three grievance issues, claims under (a) the Free Exercise Clause of the First Amendment to the United States Constitution, asserted pursuant to Section 1983, (b) the federal Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, (c) Sections 6 and 7 of the Kansas Bill of Rights, and (d) the Kansas Preservation of Religious Freedom Act (KPRFA), K.S.A. 60-5503.  Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

In September 2023, defendants removed the action to this Court, and they subsequently filed the instant motion to dismiss.  Plaintiff filed a motion for leave to file an amended complaint, and the Court set a deadline for plaintiff either to amend or to respond to the motion to dismiss.  Plaintiff then filed a brief in response to the motion.  The Court issued an order stating that plaintiff could still amend by the Court's deadline, but plaintiff subsequently notified the Court that he would not be filing an amended complaint. Plaintiff did file additional material in support of his opposition to the motion.  After defendants filed a reply brief, plaintiff filed a sur-reply brief.[3]  The matter is therefore ripe for ruling.

---

[3] Plaintiff did not seek leave to file a sur-reply brief.  Defendants, however, have not objected to the filing or sought leave to file an additional brief.  Accordingly, the Court in its discretion has considered any arguments in the sur-reply brief.

## II.    **Applicable Standards**

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The Court will dismiss a cause of action for failure to state a claim under Rule 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  The Court liberally construes a *pro se* complaint, and it applies less stringent standards than it does to formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference."  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).  Accordingly, the Court has considered the grievances and responses attached to plaintiff's petition in determining whether plaintiff has alleged sufficient facts to support his claims at this stage.

### III.    Plaintiff's Equal Protection Claim

Plaintiff's first claim, as set forth in his petition and attached grievances, is based on his contention that, although inmates of different religions are given ownership of religious texts provided by DCCF (including Bibles and copies of the Qur'an), DCCF has refused to allow him to own the religious texts obtained for him (with DCCF retaining ownership while allowing plaintiff to use the texts in the prison library). Although plaintiff asserted both equal protection and free exercise claims generally in his petition, plaintiff has clarified in his briefs that this claim relating to his first grievance issue is asserted solely under the Equal Protection Clause of the 14th Amendment to the federal constitution (through Section 1983). Plaintiff's petition also references the equal protection provisions of the Bill of Rights in the Kansas Constitution, but by this clarification he is deemed to have abandoned any claim under those provisions.

In the briefs supporting their motion, defendants have asserted the defense of qualified immunity with respect to plaintiff's federal claims against them in their individual capacities, although in doing so defendants have not specifically addressed the immunity's application to this first issue regarding plaintiff's sacred texts. To overcome a Section 1983 defendant's qualified immunity defense, a plaintiff must "(1) plead facts demonstrating the defendant violated a federal constitutional or statutory right, and (2) show that the right was clearly established at the time of the defendant's conduct." *See Ashaheed v. Currington*, 7 F.4th 1236, 1243 (10th Cir. 2021). Although the clearly established right generally must be defined with specificity, a case directly on point is not necessary if existing precedent has placed the constitutional question beyond debate. *See id.* at 1246

5

(citing cases). Thus, the Tenth Circuit has noted that it is clearly established, even as a general rule, that the Equal Protection Clause prohibits unequal treatment of similarly situated individuals. *See id.* Thus, the Court addresses the other prong of qualified immunity, namely whether plaintiff has pleaded facts supporting an equal protection violation.

The Court concludes that plaintiff has adequately stated a claim with respect to this issue. Defendants' only argument to the contrary is to note that plaintiff was indeed provided access to religious texts as requested; however, defendants have not addressed plaintiff's subsequent grievance, which he has pursued in this litigation, that he has been treated differently because he has not been granted ownership of those texts. Defendants also suggest that plaintiff has tried to introduce new facts in his response briefs concerning the other inmates who were allowed to keep their books. Nevertheless, plaintiff has alleged sufficient facts in the petition and its attachments to support this claim. That pleading alleges that he has not been granted ownership of his texts, in contrast to prisoners of other religions, and that he may only access his texts in the library and may not keep the texts as personal property in his cell. In further support of his claim, plaintiff has alleged that DCCF's handbook allows for personal ownership of religious texts; and that other religious texts provided to inmates bear labels stating that the book "belongs" to a certain inmate and that it is to be taken out of DCCF upon the inmate's release. Thus, plaintiff has alleged facts to support a claim of unequal treatment based on his religion. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1322 n.10 (10th Cir. 2010) (prisoner would properly state an equal protection claim by alleging that he was denied equal treatment on the basis of his

religion).  Defendants have not offered any basis for concluding otherwise.  Accordingly, the Court denies the motion to dismiss this claim.

### IV.   <u>Plaintiff's Free Exercise Claims</u>

####   A.   <u>*Bases for Claims*</u>

With respect to his other three grievance issues, plaintiff claims a denial of his right to the free exercise of his religious beliefs in violation of federal and Kansas constitutions and statutes.  The applicable standards under those provisions are nearly identical, as follows.

The first basis for plaintiff's free exercise claims is the First Amendment to the United States Constitution.

> Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs.  What constitutes a "reasonable opportunity" is determined in reference to legitimate penological interests.

*See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).  "In order to state a claim that defendants violated his right to free exercise of religion, [the inmate] must adequately allege that the defendants substantially burdened his sincerely-held religious beliefs."  *See id.* (internal quotations and citation omitted).  With respect to this right of free exercise, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice;" but a law that is not neutral or not of general

application is subject to strict scrutiny. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531, 546 (1993).[4]

RLUIPA – the second basis for plaintiff's free exercise claims – similarly applies to any "substantial burden" on the free exercise of religion, although it imposes a strict scrutiny standard in all cases, as follows: "No government shall impose a substantial burden on the religious exercise of [an inmate], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *See* 42 U.S.C. 2000cc-1(a). The term "religious exercise" in this statute "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *See id.* § 2000cc-5(7)(A).[5] A religious exercise is substantially burdened under RLUIPA when a government

> (1) requires participation in an activity prohibited by a sincerely held religious belief, or (2) prevents participation in conduct motivated by a sincerely held religious belief, or (3) places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief, such as where the Government presents the plaintiff with a Hobson's choice – an illusory choice where the only realistically possible course of action trenches on an adherent's sincerely held religious belief.

---

[4] In arguing this motion, defendants have not addressed whether strict scrutiny applies to plaintiff's First Amendment claims; rather, defendants merely argue that plaintiff has not alleged conduct burdening the free exercise of his religious beliefs.

[5] For purposes of this motion, defendants do not dispute that plaintiff's claims involve religious exercise of sincerely-held beliefs.

*See Abdulhaseeb*, 600 F.3d at 1315.  The "substantial burden" standard under RLUIPA is the same as the standard that applies under the First Amendment's Free Exercise Clause. *See id.* at 1315-16 (citing legislative history).

Plaintiff also invokes the free exercise provision of the Kansas Constitution's Bill of Rights, which provides that "[t]he right to worship God according to the dictates of conscience shall never be infringed."  *See* Kan. Const. Bill of Rights § 7.  Under this provision – as under the RLUIPA – if the plaintiff shows state action that burdens the exercise of his sincerely held religious beliefs, the defendant must show that the action satisfies the strict scrutiny standard, even if the action is neutral and generally applied.  *See Stinemetz v. Kansas Health Policy Authority*, 45 Kan. App. 2d 818, 849-50 (2011).

Finally, plaintiff cites KPRFA as a basis for his free exercise claims.  That statute imposes similar standards, as follows:

> Government shall not substantially burden a person's civil right to exercise of religion even if the burden results from a rule of general applicability, unless such government demonstrates, by clear and convincing evidence, that application of the burden to the person:  (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

*See* K.S.A. § 60-5303(a).

### B.   *Music for Prayer*

Plaintiff's first free exercise claim (and second grievance issue) involves his use of music while praying.  As set forth in his petition and the attachments, plaintiff alleges that his only available practical source for such music is a tablet provided to inmates, but that that source involves a cost and is inconvenient (he must search and fast-forward through

playlists for acceptable songs).  Thus, plaintiff is not complaining that he is being denied music to use in his religious practice; rather he appears to complain primarily about the cost.  (Neither in his pleading or his briefs does plaintiff make clear the particular accommodation that he seeks.)

The Court concludes, however, that plaintiff has not alleged facts showing a burden to his free exercise of religion.  In *Cutter v. Wilkinson*, 544 U.S. 709 (2005), the Supreme Court, in ruling that RLUIPA does not run afoul of the First Amendment's Establishment Clause, stated that "RLUIPA does not require a State to pay for an inmate's devotional accessories." *See id.* at 721 n.8 (citation omitted).  Similarly, the Tenth Circuit has rejected claims that a prison should provide certain materials or pay for spiritual leaders for the reason that "RLUIPA requires governments to refrain from substantially burdening religion, not to affirmatively subsidize religion." *See Abdulhaseeb*, 600 F.3d at 1320-21 (citing, *inter alia*, *Cutter*, 544 U.S. at 721 n.8); *cf. Robertson v. Biby*, 647 F. App'x 893, 897 (10th Cir. 2016) (unpub. op.) (in reversing the dismissal of a prisoner's RLUIPA claim, noting that the plaintiff did not ask the government to pay for items for his religious observance, but rather asked for access to an item that had been purchased for him by a third party).

In response to this authority, plaintiff notes that RLUIPA contains a provision stating that the statute "may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise." *See* 42 U.S. § 2000cc-3(c). That provision, however, is immediately preceded within the same sentence with language stating that the statute does not create a right of any person to receive government funding

for a religious activity.  *See id.*  The Tenth Circuit has effectively rejected this argument by plaintiff by relying on that language in the statute to conclude that RLUIPA does not require a government to incur costs to subsidize a religious practice.  *See Abdulhaseeb*, 600 F.3d at 1320-21 (citing, *inter alia*, 42 U.S.C. § 2000cc-3(c)).  Thus, the Court concludes as a matter of law that the conduct of which plaintiff complains does not constitute a substantial burden on his religious exercise under RLUIPA.

Given that interplay with the Establishment Clause and the fact that the same "substantial burden" standard applies, it is not surprising that the Tenth Circuit has reached the same conclusion under the First Amendment's Free Exercise Clause.  *See Pfeil v. Lampert*, 603 F. App'x 665, 670 (10th Cir. 2015) (unpub. op.) (citing *Cutter* and *Abdulhaseeb* in concluding that a government is not required to subsidize an inmate's religious materials).  The Court thus concludes as a matter of law that plaintiff has not shown a substantial burden for purposes of the First Amendment.

Moreover, plaintiff has not alleged or argued that DCCF's policies regarding the use of the tablet for music are not neutral or generally applied to all inmates, and thus such policies requiring payment by plaintiff do not implicate the Free Exercise Clause of the First Amendment, under the applicable standard as set forth above.[6]

Finally, there is no authority suggesting that Kansas law extends beyond the First Amendment or RLUIPA on this issue.  The Court therefore concludes that plaintiff has not

---

[6]  In addition, in light of this authority, plaintiff has not shown that it is clearly established that defendants' conduct violated the First Amendment, and thus defendants would be entitled to qualified immunity to the extent the First Amendment claim is asserted against them in their individual capacities.

alleged facts demonstrating that defendants imposed a burden on his religious exercise, for purposes of the Kansas Bill of Rights or KPRFA, by failing to subsidize that exercise by providing music on the tablet without charge, in the absence of any allegation that defendants refused to allow him any access at all. Simply put, plaintiff has not alleged that defendants affirmatively hindered his use of music in prayer; thus plaintiff has not alleged facts to show that defendants imposed a burden on his free exercise of religion.

Accordingly, the Court grants defendants' motion to this extent, and it dismisses all claims based on plaintiff's second grievance issue.

### C.     *Pagan Meal Tray*

Plaintiff's second free exercise claim (and third grievance issue) is that defendants violated his right to the free exercise of his religious beliefs by failing to make available to him a specific pagan meal tray. "An inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs." *See Gallagher*, 587 F.3d at 1070 (citing *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002)).[7] Nevertheless, the Court concludes that plaintiff has not stated a claim that defendants imposed a burden on his religious beliefs with respect to his meal options.

Plaintiff's petition and attached grievances make clear that his religious requirement with respect to his meals is that they contain only natural foods, and thus no processed foods such as hot dogs or luncheon meat. Plaintiff conceded in those same grievances that DCCF's vegetarian and vegan meal options satisfy that requirement. Nevertheless, he

---

[7] The Court concludes that this constitutional requirement is clearly established for purposes of any qualified-immunity analysis.

complains that he should not be required to choose between a diet that violates his beliefs and a conforming diet that contains no meats at all. Plaintiff, however, has not alleged that the conforming meal options are not adequate nutritionally. Thus, contrary to plaintiff's argument, he is not faced with a true Hobson's choice, as described by the Tenth Circuit, as he is not faced with a decision whether to eat a non-conforming meal or not to eat at all. *See Abdulhaseeb*, 600 F.3d at 1316-19 (issue of fact remained on the issue of burden where the inmate faced a Hobson's choice of accepting a non-conforming meal or not eating); *see also Vinning-El v. Evans*, 657 F.3d 591, 594 (7th Cir. 2011) (request for particular diet must be based on a sincere religious belief, not a preference for the way a given diet tastes).

The Court thus concludes that plaintiff has failed to allege facts showing that defendants imposed a burden on the free exercise of his religion by failing to provide a diet that conformed to his religious beliefs. Accordingly, the Court grants defendants' motion to that extent and dismisses all claims based on this grievance issue.

### D. *Holiday Meals*

For his third free-exercise claim (and fourth grievance issue), plaintiff claims that defendants failed to accommodate his request for special meals for certain religious holidays. The Court agrees with defendants, however, that plaintiff has failed to allege sufficient facts to show that they imposed a burden in this regard. In his petition and the attached grievances, plaintiff claims a lack of accommodation, but he has not identified his specific requirements with respect to holiday meals. He concedes that in January 2023 he first specified to officials the particular holidays on which he required special meals. One attached grievance lists those holidays, but it does not include any explanation of the

special meals required.  As defendants note, plaintiff included new information in his opposition briefs and exhibits in response to the motion to dismiss, including his apparent request for two dinners and an additional sack meal on those days (to accomplish a feast after fasting through breakfast and lunch) – but plaintiff did not include such information in his petition (even after he was granted leave to amend).  Moreover, the same new materials appear to show that defendant Bunting agreed to accommodate this request, although plaintiff has also cited as a new fact that in October 2023 another defendant told him that officials had not agreed to provide him with the requested "feast bag."

        The Court thus concludes that plaintiff's pleading does not include sufficient, non-conclusory facts showing that defendants imposed a burden on the free exercise of his religion with respect to any requirement for holiday meals.  Accordingly, defendants' motion is granted to that extent, and all claims based on plaintiff's fourth grievance issue are hereby dismissed.  Because he may be able to plead such facts, however, the Court exercises its discretion to grant plaintiff leave to file an amended complaint in which he may attempt to state sufficient facts to support such a claim.  In any such amended complaint, plaintiff should include facts showing the particular requirements of his religious beliefs with respect to holiday meals, his specific request, and how that request has not been accommodated by defendants.

V.     **Other Issues**

      A.     *Municipal Liability*

Defendants also seek to dismiss any federal constitutional claim asserted against them in their official capacities under Section 1983.  As defendants note, "a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus in an official capacity suit the entity's policy or custom must have played a part in the violation of federal law."  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotations and citation omitted) (citing, *inter alia*, *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978)); *see also Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013) (to establish municipal liability under *Monell*, a plaintiff must show a policy or custom of the local government that caused the injury and that was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury).  Defendants argue that plaintiff has not alleged any such policy or custom at DCCF.[8]

The Court agrees that plaintiff has not alleged a policy or custom as required to support his official-capacity claims under Section 1983.  In his response brief, plaintiff states that he can address this point if necessary, but of course it was incumbent on him to do so in response to defendants' motion.  Therefore, the Court grants the motion and

_____

    [8] Plaintiff has not named DCCF or Douglas County as a defendant in this action; as the Supreme Court made clear in *Graham*, however, this requirement of a policy or custom also applies to a claim against local officials in their official capacities, as such a claim is tantamount to a claim against the municipality itself.  Plaintiff's petition names defendants in both their individual and official capacities.

dismisses plaintiff's remaining Section 1983 claim (asserting an equal protection violation, based on his first grievance issue) to the extent asserted against defendants in their official capacities.  Plaintiff is granted leave, however, to file an amended complaint in which he may attempt to allege a policy or custom as required.[9]

### B.    *Individual-Capacity Claims Under RLUIPA*

Defendants have also sought dismissal of plaintiff's RLUIPA claims as asserted against them in their individual capacities.  By its terms, RLUIPA applies to a substantial burden imposed by a "government" and provides a right of action against a "government", which term is defined to include government officials.  *See* 42 U.S.C. § 2000cc-1(a), -2(a), -5(4)(A).  Based on that language, the Tenth Circuit has held that "there is no cause of action under RLUIPA for individual-liability claims."  *See Stewart v. Beach*, 701 F.3d 1322, 1333-35 (10th Cir. 2012) (footnote omitted).  Accordingly, the Court dismisses plaintiff's RLUIPA claims asserted against defendants in their individual capacities on this basis as well, and it grants defendants' motion to that extent.

### C.    *Damages*

By his petition, plaintiff seeks both compensatory and punitive damages.  Defendants argue that the Prison Litigation Reform Act (PLRA) bars any claim under federal law by plaintiff (a detainee) for compensatory damages in the absence of any allegation of a physical injury.  *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be

---

[9]  In addition, if plaintiff amends his First Amendment claim based on his fourth grievance issue (relating to holiday meals), he must allege that any such injury was caused by a policy or custom maintained with the requisite intent in order to state a claim against defendants in their official capacities under Section 1983.

brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Searles v. Van Bebber*, 251 F.3d 869, 875-77 (10th Cir. 2001) (Section 1997e(e) applies to prohibit federal free exercise claims for compensatory damages in the absence of physical injury).  In making this argument, however, defendants have not addressed the fact that plaintiff did not bring a federal action against them (the case was removed from state court), and that Section 1997e(e) therefore does not apply here by its terms.  *See Hall v. Merola*, 67 F.4th 1282, 1297 (11th Cir. 2023) (this provision of the PLRA does not apply to an action removed to federal court). Accordingly, the Court denies the motion to dismiss on this basis.

Defendants also seek dismissal of plaintiff's claims for punitive damages for federal constitutional violations.  First, the Court agrees that a municipality is immune from liability for punitive damages under Section 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Accordingly, the Court dismisses all claims for punitive damages for violations of the Equal Protection Clause or the First Amendment asserted against defendants in their official capacities, and defendants' motion is granted to that extent.[10]

Defendants also argue that plaintiff cannot satisfy the standard for an award of punitive damages in this case.  The Court concludes, however, that it cannot make any such ruling as a matter of law with regard to plaintiff's remaining equal protection claim at this stage, as it cannot conclude on this factual record (taking the facts in the light most

---

[10]  Defendants have not asserted this immunity with respect to plaintiff's claims for punitive damages under RLUIPA or state law.

favorable to plaintiff) that defendants could not have acted with the requisite intent in violating plaintiff's rights.

### D. _Injunctive and Declaratory Relief_

Plaintiff also seeks injunctive and declaratory relief. As the Tenth Circuit has noted, a claim for injunctive relief is against a defendant in his or her official capacity only, as it seeks to change the behavior of the governmental entity. _See DeVargas v. Mason & Hanger-Silas Mason Co, Inc._, 844 F.2d 714, 718 (10th Cir. 1988). Plaintiff does not dispute that his claims for injunctive relief are asserted solely against defendants in their official capacities. Therefore, the Court dismisses any claim for injunctive relief against defendants in their individual capacities.

Defendants also argue that plaintiff's claims for injunctive relief should be dismissed because plaintiff improperly seeks only to enjoin further violations of the law. _See_ Fed. R. Civ. P. 65(d)(1)(C) (every order granting an injunction must describe in reasonable detail the acts restrained); _City of New York v. Mickalis Pawn Shop, LLC_, 645 F.3d 114, 144 (2d Cir. 2011) (Rule 65(d) requires more than a mere command that the defendant to obey the law). The Court does not construe plaintiff's claims so broadly, however; rather, plaintiff's claims are reasonably construed to seek an injunction against the specific conduct alleged to have violated the law. The proper scope may be litigated at the time the Court would issue any such injunction if warranted. Accordingly, the Court denies defendants' motion to dismiss the claims for injunctive relief on this basis.[11]

---

[11] Thus, the Court also rejects defendants' argument for dismissal of plaintiff's claims seeking declaratory relief on the same basis.

18

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 6) is hereby **granted in part and denied in part** as set forth herein. Plaintiff is granted leave to file an amended complaint, on or before **March 1, 2024**, to attempt to state claims as permitted herein.[12]

IT IS SO ORDERED.

Dated this 29th day of January, 2024, in Kansas City, Kansas.

 /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[12] To add significant factual allegations, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint or petition, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.