IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTYN POLK,

Plaintiff,

v.

GARY BUNTING; KELVIN BELLINGER; and VINCENT GONZALEZ,

Defendants.

Case No. 23-2415-JWL

**MEMORANDUM AND ORDER**

Plaintiff, a detainee at the Douglas County Correctional Facility (DCCF) in Douglas County, Kansas, filed this action *pro se* against three officers at DCCF in which he claims violations of federal and Kansas law with respect to his religious practices. By Memorandum and Order of January 29, 2024, the Court granted in part and denied in part defendants' motion to dismiss. *See Polk v. Bunting*, 2024 WL 326459 (D. Kan. Jan. 29, 2024). Specifically, the Court ruled that plaintiff's first claim (relating to religious texts) survived against defendants in their individual capacities, but it dismissed the claim as asserted against defendants in their official capacities, while allowing plaintiff to amend to cure that pleading deficiency; the Court dismissed plaintiff's second and third claims (music for prayer, pagan meal trays) without granting leave to amend; and the Court dismissed the fourth claim (religious holiday meals), but did grant leave to amend. *See id.*

Plaintiff has now filed a motion for relief relating to his filing of an amended complaint[1] (Doc. # 19), which the Court **grants in part and denies in part**, as follows.

First, plaintiff requests a one-month extension of the deadline for filing his amended complaint. That Court **grants** the requested extension, and plaintiff shall now file any amended complaint on or before **April 1, 2024**.

Second, plaintiff requests permission to file a "full" amended complaint. Plaintiff's meaning is not clear, but because he makes reference to prayer (the subject of his dismissed second claim), it appears that he may be requesting leave to amend not only his first and fourth claims, as the Court allowed in its prior ruling, but also his second and third claims. The Court **denies** this request. The Court did not dismiss the second and third claims because of insufficient pleading with respect to supporting facts; rather, Court ruled that, under applicable caselaw, defendants did not burden plaintiff's free exercise of his religion as a matter of law, based on the specific claims asserted. *See id.* The Court therefore did not grant plaintiff leave to amend those claims, as additional details would not have changed the Court's ruling. Significantly, in his present motion plaintiff has not identified

[1] Plaintiff originally filed this action in state court, so the Court has consistently referred to plaintiff's original petition (as the initial pleading is called under Kansas state-court rules). If plaintiff chooses to amend, he will file a first amended complaint in this Court. In the instant motion, plaintiff refers to his filing a second amended complaint; but plaintiff chose not to amend when given the opportunity at an earlier stage of the case, and therefore any amended pleading would constitute a first amended complaint.

any additional facts that would affect the legal bases underlying the Court's dismissal of those claims. Thus, plaintiff may not amend with respect to his second and third claims.[2]

Third, plaintiff's motion suggests that he lacks copies of exhibits previously submitted to the Court, and he requests copies of those exhibits. The Court **grants** that request. The Clerk of the Court is directed to send to plaintiff, with this order, full copies (with exhibits) of his original petition (Doc. # 1-1) and the supplemental information he submitted in opposition to the motion to dismiss (Doc. # 14).[3]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for relief relating to his filing an amended complaint (Doc. # 19) is hereby **granted in part and denied in part**. Plaintiff's request for an extension of the deadline is granted, and plaintiff shall file any amended complaint on or before **April 1, 2024**. Plaintiff's request

---

[2] Thus, in any amended complaint, plaintiff need not include those two claims. Because those claims were included in the original petition, plaintiff will not be deemed to have waived the claims for purposes of any appeal from this Court's rulings. As set forth in the Court's prior order, however, plaintiff should restate the remaining claims fully, and not only include the new allegations.

[3] As the Court noted in hits prior order, some facts on which plaintiff relies with respect to his fourth claim were included in supplemental information submitted by plaintiff in opposition to the motion to dismiss, but those facts were not asserted in plaintiff's petition, and thus they could not be considered in determining whether plaintiff had stated a proper claim. Accordingly, plaintiff should include in any amended complaint all facts supporting his first and fourth claims. Plaintiff may either attach copies of relevant exhibits to the amended complaint; or he may incorporate such exhibits by reference, by identifying them in the complaint and noting that they may be found within previous filings.

for copies of previously-filed exhibits is also granted. The motion is denied with respect to any request for leave to amend plaintiff's second and third claims.

IT IS SO ORDERED.

Dated this12th day of February, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge