IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTYN POLK, )
 )
            Plaintiff, )
 )
v. ) Case No. 23-2415-JWL
 )
GARY BUNTING; KELVIN BELLINGER; )
and VINCENT GONZALEZ, )
 )
           Defendants. )
 )
_____)

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Douglas County Correctional Facility (DCCF) in Douglas County, Kansas, filed this action *pro se* against three officers at DCCF in which he claims violations of federal and Kansas law with respect to his religious practices. By Memorandum and Order of January 29, 2024, the Court granted in part and denied in part defendants' motion to dismiss. *See Polk v. Bunting*, 2024 WL 326459 (D. Kan. Jan. 29, 2024). Subsequently, by Memorandum and Order of February 12, 2024, the Court granted plaintiff's motion for an extension of the deadline for amending his first and fourth claims (as the Court had granted him leave to do), but it denied plaintiff's request for leave to amend his second claim (relating to his use of music in prayer). *See Polk v. Bunting*, 2024 WL 553984 (D. Kan. Feb. 12, 2024). Plaintiff has now moved (Doc. # 22) for reconsideration of the Court's dismissal of that second claim. For the reasons set forth below, the Court **denies** the motion.

In plaintiff's second claim, he asserted that defendants had imposed a burden on his use of music in praying in violation of the federal Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5; the Kansas Preservation of Religious Freedom Act (KPRFA), K.S.A. § 60-5503; and the free exercise clauses of the United States and Kansas Constitutions. In the present motion, plaintiff challenges the Court's dismissal of the claim as asserted under RLUIPA and KPRFA (which he argues are essentially identical). In its prior ruling, the Court dismissed plaintiff's RLUIPA for the following reasons:

> Plaintiff's first free exercise claim (and second grievance issue) involves his use of music while praying. As set forth in his petition and the attachments, plaintiff alleges that his only available practical source for such music is a tablet provided to inmates, but that that source involves a cost and is inconvenient (he must search and fast-forward through playlists for acceptable songs). Thus, plaintiff is not complaining that he is being denied music to use in his religious practice; rather he appears to complain primarily about the cost. (Neither in his pleading or his briefs does plaintiff make clear the particular accommodation that he seeks.)
>
> The Court concludes, however, that plaintiff has not alleged facts showing a burden to his free exercise of religion. In *Cutter v. Wilkinson*, 544 U.S. 709 (2005), the Supreme Court, in ruling that RLUIPA does not run afoul of the First Amendment's Establishment Clause, stated that "RLUIPA does not require a State to pay for an inmate's devotional accessories." *See id.* at 721 n.8 (citation omitted). Similarly, the Tenth Circuit has rejected claims that a prison should provide certain materials or pay for spiritual leaders for the reason that "RLUIPA requires governments to refrain from substantially burdening religion, not to affirmatively subsidize religion." *See Abdulhaseeb [v. Calbone]*, 600 F.3d [1301,] 1320-21 [(10th Cir. 2010)] (citing, *inter alia*, *Cutter*, 544 U.S. at 721 n.8); *cf. Robertson v. Biby*, 647 F. App'x 893, 897 (10th Cir. 2016) (unpub. op.) (in reversing the dismissal of a prisoner's RLUIPA claim, noting that the plaintiff did not ask the government to pay for items for his religious observance, but rather asked for access to an item that had been purchased for him by a third party).

2

>   In response to this authority, plaintiff notes that RLUIPA contains a provision stating that the statute "may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise." *See* 42 U.S. § 2000cc-3(c).  That provision, however, is immediately preceded within the same sentence with language stating that the statute does not create a right of any person to receive government funding for a religious activity.  *See id.*  The Tenth Circuit has effectively rejected this argument by plaintiff by relying on that language in the statute to conclude that RLUIPA does not require a government to incur costs to subsidize a religious practice.  *See Abdulhaseeb*, 600 F.3d at 1320-21 (citing, *inter alia*, 42 U.S.C. § 2000cc-3(c)).  Thus, the Court concludes as a matter of law that the conduct of which plaintiff complains does not constitute a substantial burden on his religious exercise under RLUIPA.

*See Polk*, 2024 WL 326459, at *4-5.

The Court first notes that plaintiff has not identified a proper basis for the Court's reconsideration of this ruling by which it dismissed plaintiff's second claim.  Plaintiff states that, at the time he drafted his response to defendants' motion to dismiss, he did not have certain "information or knowledge as to the application of the requisite laws."  Plaintiff has not identified any new evidence, however.  He argues that he is indigent, but he would have had knowledge of his indigence previously.  Rather, plaintiff appears merely to reargue the merits of the motion to dismiss as it relates to this claim, while attempting to address the Court's reasoning set forth above.  Plaintiff has failed to show that the Court erred in dismissing this claim, however.

As discussed in its prior order, the Court based its dismissal of this claim under RLUIPA primarily on the Supreme Court's statement – on which the Tenth Circuit has subsequently relied – that "RLUIPA does not require a State to pay for an inmate's devotional accessories."  *See id.* at * 4 (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 721 n.8 (2005)).  In his original petition, plaintiff complained about his cost to acquire music for

3

use in prayer, and the Court held, in accordance with *Cutter*, that defendants cannot have violated RLUIPA because the statute does not require a government to provide a devotional accessory, such as recorded music, to an inmate.  Plaintiff now cites his indigence, but that fact does not change the basis of his claim – that defendants violated RLUIPA by failing to provide him with recorded music (either free or at a reduced cost).  Plaintiff also takes issue with statements by defendants in response to his grievances (which evidence was attached to his original petition), but such quibbles do not alter his basic claim, which is not cognizable under precedent applying RLUIPA.

In response to this Court's prior citation to *Robertson v. Biby*, 647 F. App'x 893 (10th Cir. 2016), plaintiff notes the *Robertson* court's statement that the defendants there could "not rely on an alternative that requires substantial funding because 'any ability to purchase is chimerical where a plaintiff is indigent.'"  *See id.* at 897 (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1317 (10th Cir. 2010)).  As the Court noted in citing *Robertson*, however, the plaintiff in that case was asking not for the government to provide an item, but rather for the government to allow him access to an item provided by a third party.  *See Polk*, 2024 WL 326459, at *4 (citing *Robertson*, 647 F. App'x at 897)).  In *Robertson*, the court rejected the defendants' argument that they could deny the item because the inmate could pay for one.  *See Robertson*, 647 F. App'x at 897.  Again, however, defendants here are not denying plaintiff recordings that he owns or have been provided by outside parties; rather, the government is simply refusing to subsidize plaintiff's purchase of the music.  Thus, *Robertson* does not undermine the Supreme Court's statement that a government need not pay for an inmate's devotional accessories; instead, the *Robertson* court cited

4

*Cutter* with approval while explaining why the Supreme Court's statement did not apply to the situation before it. *See id.*

Plaintiff also takes issue with the Court's rejection of his argument based on RLUIPA's provision that the statute "may require a government to incur expenses" to avoid a violation. *See Polk*, 2024 WL 326459, at *5 (citing 42 U.S.C. § 2000cc-3(c)). As set forth above, the Court noted that the statute also states that it does not create a right to government funding; and it further noted that the Tenth Circuit had effectively rejected the same argument. *See id.* Plaintiff now argues that RLUIPA does not *prohibit* funding by a government, while citing the statute's provision that a government may change its policy to eliminate a substantial burden on religious exercise. *See* 42 U.S.C. § 2000cc-3(e). Whether or not RLUIPA would *allow* defendants to provide music for free to plaintiff (an issue this Court need not decide), however, does not bear on whether they violated the statute when they declined to do so. As discussed, the Supreme Court and the Tenth Circuit have confirmed that such a decision not to provide a devotional accessory does *not* violate RLUIPA, and plaintiff has not provided a basis for this Court not to follow that precedent in this case. Accordingly, the Court denies plaintiff's motion for reconsideration of its dismissal of the claim at issue.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for reconsideration of the Court's dismissal of his second claim (relating to music in prayer) (Doc. # 22) is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of February, 2024, in Kansas City, Kansas.

                                                 /s/  John W. Lungstrum
                                                Hon. John W. Lungstrum
                                                United States District Judge