IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTYN POLK,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )       Case No. 23-2415-JWL
                                                )
GARY BUNTING; KELVIN BELLINGER;                 )
and VINCENT GONZALEZ,                           )
                                                )
                    Defendants.                 )
                                                )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff, a detainee at the Douglas County Correctional Facility (DCCF) in Douglas County, Kansas, filed this action *pro se* against three officers at DCCF in which he claims violations of federal and Kansas law with respect to his religious practices.  As more fully explained below, the Court orders as follows:  plaintiff's motion for judgment on the pleadings (Doc. # 26) is hereby **denied**; plaintiff's motion to preclude a mootness defense (Doc. # 27) is hereby **denied**; plaintiff's notice (Doc. # 28), which the Court previously construed as a motion to amend to drop a claim, is hereby **denied as moot**; and plaintiff is granted until **May 24, 2024**, in which to file a second amended complaint containing all of his surviving claims.  Moreover, plaintiff's deadline for responding to defendants' pending motion to dismiss is hereby vacated, and the Court will set response and reply deadlines relating to that motion in the future as appropriate.

## I.    **Background**

By *pro se* petition filed in state court, plaintiff asserted claims against defendants based on four grievances he had previously made with prison officials relating to his religious practices.  In the first claim, relating to ownership of religious texts, plaintiff claimed a violation only of the Equal Protection Clause of the federal Constitution's Fourteenth Amendment (through 42 U.S.C. § 1983).  In the second, third, and fourth claims – relating to the use of music in prayer, pagan meal trays, and holiday meals, respectively – plaintiff claimed violations of the free exercise provisions of the First Amendment, the federal Religious Land Use and Institutionalized Persons Act (RLUIPA), the Kansas Constitution's Bill of Rights, and the Kansas Preservation of Religious Freedom Act (KPRA).  The case was removed to federal court.  By Memorandum and Order of January 29, 2024, the Court granted in part and denied in part defendants' motion to dismiss.  *See Polk v. Bunting*, 2024 WL 326459 (D. Kan. Jan. 29, 2024).  Specifically, the Court ruled that plaintiff's first claim (relating to religious texts) survived against defendants in their individual capacities, but it dismissed the claim as asserted against defendants in their official capacities, while allowing plaintiff to amend to cure that pleading deficiency; the Court dismissed plaintiff's second and third claims (music in prayer, pagan meal trays) without granting leave to amend; and the Court dismissed the fourth claim (holiday meals), but did grant leave to amend.  *See id.*  The Court also dismissed any claim under RLUIPA asserted against defendants in their individual capacities; any federal constitutional claim under Section 1983 for punitive damages to the extent asserted against defendants in their

official capacities; and any claim for injunctive relief to the extent asserted against defendants in their individual capacities. *See id.*

Subsequently, by Memorandum and Order of February 12, 2024, the Court denied plaintiff's request to amend his second and third claims, and it extended plaintiff's deadline for filing an amended complaint. By Memorandum and Order of February 20, 2024, the Court denied plaintiff's motion for reconsideration of the dismissal of the second claim. By Memorandum and Order of March 15, 2024, the Court clarified for plaintiff that his amended complaint would supersede his original state court petition, that the present case was a continuation of the same case originally filed in state court, and that all future filings would be made in this Court. Plaintiff then filed a motion for judgment on the pleadings with respect to his first claim and a motion to preclude defendants' use of the mootness doctrine as it relates to the first claim. Plaintiff also filed a notice of his request that his fourth claim be dismissed without prejudice so that he could file it in a new action in state court. By Order of March 29, 2024, the Court construed that notice as a motion to amend to drop that claim, and it set deadlines for response and reply briefs on the three motions. Before receiving that order, however, plaintiff filed an amended complaint in which he only asserts his fourth claim. Defendants filed a response to the three motions, and plaintiff filed a reply brief. Defendants have also filed a motion to dismiss the amended complaint.

## II.      Plaintiff's Motions

### A.      *Plaintiff's Motion for Judgment on the Pleadings (Doc. # 26*)

Plaintiff seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on his

first claim (relating to religious texts).  The Court denies that motion.  First, the motion is

premature; because defendants have not yet filed an answer, the pleadings are not closed,

and this motion is therefore not authorized by the rule.  *See id.*  Moreover, it appears that

plaintiff has included new evidentiary material with the motion, which would require that

the motion be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).

More fundamentally, plaintiff appears to misapprehend the meaning of the Court's

previous ruling in which it denied defendants' motion to dismiss the first claim in its

entirety.  The partial survival of that claims does not mean that plaintiff prevails on the

claim; rather, plaintiff is entitled to litigate the claim further, and defendants may assert

defenses to that claim.  There is no basis at present for ruling that defendants could not

successfully assert any defense (for instance, with respect to the intent element of the claim)

in opposition to the claim, and thus there is no basis for judgment as a matter of law in

plaintiff's favor.  Indeed, if the motion were converted to one for summary judgment, the

motion would be ruled with all disputed facts viewed in defendants' favor.  There is no

basis at this stage for granting plaintiff judgment on this claim.

### B.      *Plaintiff's Motion to Preclude Mootness Defense (Doc. # 27)*

By this motion, plaintiff argues that although defendants may have acted to grant

plaintiff relief by providing the texts as he requested, his claim is not moot.  The Court

denies this motion as premature.  There is no basis for the Court to rule on that issue unless

and until defendants assert such a defense.  In that event, plaintiff will be permitted to argue the issue and to oppose application of the mootness doctrine.

C.      *Plaintiff's Motion to Amend to Drop the Fourth Claim (Doc. # 28)*

Plaintiff sought permission to drop his fourth claim, which the Court had already dismissed with leave to amend.  Plaintiff has now filed an amended complaint, however, in which he asserts the fourth claim.  Accordingly, the Court denies this motion as moot.  If in the future plaintiff wishes to drop this claim, he may do so, either by omitting the claim from his second amended complaint (see below) or by filing a motion seeking leave to file an amended complaint omitting that claim.

### III.    Plaintiff's Amended Complaint

As noted above, the Court dismissed plaintiff's fourth claim and part of plaintiff's first claim, while granting plaintiff leave to amend each claim; but in his amended complaint, plaintiff has asserted only his fourth claim, with no reference to his first claim.  It is apparent, however, that plaintiff seeks to pursue the first claim as well, as he filed a motion for judgment on that claim (which motion the Court has now denied).  When the Court set deadlines relating to that motion, it instructed plaintiff to indicate in his reply whether he intended to amend the first claim.  In his reply brief, plaintiff did not answer that question directly.  Instead, he noted that in the motion for judgment he added new exhibits and modified the amounts of damages requested, and he stated that he "considered this sufficient enough to be ruled as a first amended complaint."

5

Plaintiff may not amend his claim in this way, however.  Rather, the Court may consider as plaintiff's operative claims only those claims asserted in the original petition or those asserted in an amended complaint.  Plaintiff has amended his fourth claim, but he omitted his first claim in that document.  Thus, the Court could simply act on the amended complaint and deem the first claim abandoned.

Because it appears that plaintiff wishes to amend and assert both his first and fourth claims, however, the Court will grant plaintiff one additional opportunity to assert those claims properly.  Plaintiff may file a second amended complaint on or before **May 24, 2024**.  If plaintiff wishes to pursue both the first and fourth claims in this lawsuit, then he should assert both of those claims in that second amended complaint.  If one of those claims is omitted, the Court will deem the omitted claim to have been abandoned and no longer in the case.  Plaintiff should include all factual allegations necessary to state claims against defendants, he should indicate all legal bases for those claims, and he should identify all persons named as defendants for each claim.  Plaintiff need not attach exhibits to the second amended complaint, as any such evidence may simply be referenced in the factual allegations.  The second amended complaint should not include plaintiff's second and third claims, as the Court has not granted plaintiff leave to amend those claims.

Finally, if plaintiff does not file a second amended complaint by that deadline, the Court will deem the first amended complaint to be plaintiff's operative pleading, with the result that plaintiff's first claim will be deemed abandoned, and the Court will set deadlines for response and reply briefs with respect to defendants' pending motion to dismiss.  In the meantime, plaintiff should not respond to that motion – plaintiff's deadline for responding

to that motion is hereby vacated.  If plaintiff files a second amended complaint, defendants'

pending motion will be denied as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's pending

motions (Doc. ## 26, 27, 28) are hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff is granted leave to

file a second amended complaint, as set forth herein, on or before **May 24, 2024**.

IT IS FURTHER ORDERED THAT plaintiff's deadline for responding to

defendants' pending motion to dismiss is hereby vacated until further order of the Court.

IT IS SO ORDERED.

Dated this 26th day of April, 2024, in Kansas City, Kansas.

   /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge