UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTYN POLK,

    Plaintiff,

v.                                   Case No. 23-2415-DDC-ADM

GARY BUNTING, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Pro se plaintiff Dustyn Polk brings this civil-rights action against defendants Gary Bunting, Kelvin Bellinger, Vincent Gonzalez, and Jay Armbrister (collectively, "defendants"). The matter comes before the court on Polk's motion to determine the sufficiency of defendants' answers to certain requests for admission. (ECF 67.) For the reasons explained below, the motion is granted in part and denied in part.[1]

### I.    BACKGROUND

Polk is a pretrial detainee at the Douglas County Correctional Facility ("DCCF"), where defendants are officers. In 2022 and 2023, Polk filed various administrative grievances related to his religious practices. Apparently unsatisfied with defendants' responses, Polk initiated this action in March 2023 by filing a pro se petition in the District Court of Douglas County, Kansas,

---

[1] On November 11, 2024, defendants filed a motion to strike Polk's reply on the grounds that it (1) exceeds the local rule page limitations and (2) raises new arguments. (ECF 74.) The court will not strike the reply based on length, in this instance, given that Polk is incarcerated and his reply is handwritten. Polk's response to the motion to strike (ECF 77) states that he does not have access to the District of Kansas Local Rules. The court directs the Clerk to mail Polk a copy of these rules. The court cautions Polk to be mindful of page limitations in the future. *See* D. Kan. Rule 7.1(d)(1). To the extent that Polk's reply raises new arguments, rather than addressing arguments asserted in defendants' response, the court has not considered them. *See Iowa Credit Union League v. Nat'l Credit Union Admin. Bd.,* No. 23-2255-EFM, 2023 WL 6541324, at *1 (D. Kan. Oct. 6, 2023). Defendants' motion to strike therefore is denied as moot.

claiming defendants' actions violated federal and Kansas laws. In September 2023, defendants removed the case to this federal court.

Defendants subsequently filed a motion to dismiss. On January 29, 2024, the court granted in part and denied in part the motion to dismiss. (ECF 18.) The court allowed to proceed Polk's claim that defendants violated the Equal Protection Clause of the Fourteenth Amendment by refusing to give him ownership of DCCF-provided religious texts when inmates practicing other religions were allowed to own DCCF-provided religious texts. (*Id*. at 5-7.) The court dismissed Polk's remaining claims but allowed him to file an amended complaint asserting (in addition to the Equal Protection claim) a claim for violation of the Free Exercise Clause of the First Amendment based on defendants' alleged refusal to provide him special meals on religious holidays. (*Id.* at 13-14.) On May 17, Polk filed his second amend complaint. (ECF 44.) In accordance with the court's order on the motion to dismiss, the court now interprets that amended complaint as asserting only claims based on defendants' handling of Polk's religious texts and holiday meals.

On July 8, Polk served requests for admission ("RFAs") on each of the four defendants. (*See* ECF 56.) Each defendant served responses to the RFAs on August 13 or 20, and Bunting, Bellinger, and Gonzalez served amended responses on September 9. (ECF 59-63.) Polk's current motion asks the court to deem certain of the responses insufficient and to order the corresponding RFAs "admitted" for purposes of this action. (ECF 67.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 36 governs RFAs. It provides that a party "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the

2

genuineness of any described documents." FED. R. CIV. P. 36(a)(1). The purpose of an RFA "is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995). Essentially, RFAs "expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial." *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978).

The party responding to an RFA may admit, deny, or state in detail why the party cannot truthfully admit or deny the request. FED. R. CIV. P. 36(a)(4). Any denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* The responding party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* A responding party may also object to an RFA as long as the party states the specific grounds for objecting. FED. R. CIV. P. 36(a)(5). A compound or vague request "should be answered as far as possible with appropriate qualification or explanation, rather than objected entirely to." *Audiotext*, 1995 WL 625744, at *3. Objections based on the extent that the admission "turns on legal issues or calls for legal conclusions . . . are contrary to Federal Rule of Civil Procedure 36(a)(5)." *Cadence Educ., LLC v. Vore*, No. 17-cv-2092-JWB, 2018 WL 3120701, at *2 (D. Kan. June 26, 2018).

The requesting party may ask the court to decide the sufficiency of any answer or objection. FED. R. CIV. P. 36(a)(6). If the court deems an answer or objection insufficient, the court may

either deem the matter admitted or order the responding party to amend its answer. *Id.* If an objection is justified, the responding party is not required to admit or deny the truth of the matter. *Id.* If the court finds an objection invalid or improper, it will then address the sufficiency of any response. *See Ash Grove Cement v. Emps. Ins*, No. 05-2339-JWL, 2007 WL 2333350, at *3 (D. Kan. Aug. 16, 2007). The response must "fairly meet the substances of the requested admission" for the court to consider it sufficient. *Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 678 (D. Kan. 1999). The sufficiency determination ultimately rests within the court's discretion. *See Richard v. Sedgwick Cty. Bd. of Comm'rs*, No. 09-1278-MLB, 2013 WL 3467124, at *7 (D. Kan. July 10, 2013).

### III.   ANALYSIS

#### A.   "Legal Conclusion" Objections (Armbrister RFA 1; Gonzalez RFAs 8, 11, and 12; Bellinger RFA 8; and Bunting RFAs 8, 11, 12, 19, and 20)

Polk first asks the court to determine the sufficiency of RFA responses in which the respondent objects on the basis that the RFA asks him to admit a legal conclusion that is not tied to any fact in the case. These include Armbrister's response to RFA 1 (ECF 67-1, at 1), Gonzalez's amended responses to RFAs 8, 11, and 12 (*id.* at 10-12), Bellinger's amended response to RFA 8 (*id.* at 19), and Bunting's amended responses to RFAs 8, 11, 12, 19, and 20 (*id.* at 23-24, 28).

These RFAs follow a similar pattern: Polk cites a statute or a case and asks the respondent to admit that the legal authority stands for a specific legal conclusion. For example, RFA 1 to Armbrister asks him to "admit that K.S.A. 19-805 and K.S.A. 19-811 specifically state that a sheriff and is [sic] sureties are responsible and/or liable for the action, defaults, and/or misconduct of the undersheriff, deputies, and/or jailers." (*Id.* at 1.) And RFA 8 to Bellinger, Bunting, and Gonzalez asks them to "admit or deny that the 10th Circuit has ruled that 'equal protection is essentially a direction that all persons similarly situated should be treated alike,'" citing caselaw.

(*Id.* at 10, 19, 23.) Defendants do not answer these RFAs, but instead object on the ground that they seek legal conclusions not tied to any facts in the case.

The court upholds most of these objections. Rule 36(a)(1)(A) permits RFAs that relate to "facts, the application of law to fact, or opinions about either." The RFAs at issue here do not fall under any of these categories. Although, as Polk points out, an RFA is not objectionable if it calls for a legal conclusion about how the law applies in the case, none of the RFA's at issue attempt to tie the legal statute or case cited therein to any facts at issue in this case. Thus, they are not authorized by Rule 36(a)(1). *Audiotext,* 1995 WL 625744, at *6 (noting Advisory Committee Notes that explain Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case"); *Ransom v. United States*, 8 Cl. Ct. 646, 648 (1985) ("Requests for admission ... are not objectionable even if they require opinions or conclusions of law, *as long as the legal conclusions relate to the facts of the case*." (emphasis added)); *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973) (ruling "pure requests for admissions of law" are "improper"). Polk's motion to deem admitted Armbrister RFA 1; Gonzalez RFAs 8 and 11; Bellinger RFA 8; and Bunting RFAs 8 and 11 is denied.

Relatedly, Polk's challenges to Bunting RFAs 19 and 20 also are denied. These requests begin, "In light of Question 11 ..." and "In light of information presented in Question No. 11 …" They then appear to ask Bunting to apply facts to certain legal principles. But because the court has upheld Bunting's objection to RFA 11, it is unclear how Bunting would answer RFAs 19 and 20. Moreover, RFAs 19 and 20 are practically indecipherable as written.[2] Thus, Polk's motion is denied as to these RFAs.

---

[2] Bunting RFA 19 reads: "In Captain Roome's response on March 8, 2024, she wrote, 'Until we received facts and information showing these newly Requested changes are required of your religious beliefs ...' In light of information presented in Question No. 11, do you admit that

An exception to the court's findings on "legal conclusion" objections applies to Gonzalez and Bunting's objection to RFA 12. These are the only "legal conclusion" objections that the court overrules. RFA 12, as served on both Gonzalez and Bunting, reads, "Do you admit that the Plaintiff has submitted multiple examples of published rulings that either directly mirror or, at least, strongly echo the Plaintiffs declarations as it pertains to each day of the week? See 39-42 of Doc. 44." (ECF 67-1, at 12, 24.) Both defendants objected that "this request calls for a legal conclusion [and] does not seek the admission or denial of a fact, or a fact applied to law." The court disagrees. Rather than asking for an unqualified legal conclusion, RFA 12 asks the respondents to admit a statement of fact, which Rule 36(a)(1) expressly permits. Although unquestionably not a model of clarity, RFA 12 appears to ask whether the specified paragraphs of Polk's second amended complaint cite to legal cases that echo Polk's declarations about what his religion requires on certain days of the week. Had Bunting or Gonzalez lodged a "vague and ambiguous" objection to RFA 12, the court likely would have upheld the objection. But neither did. Because Bunting and Gonzalez have waived any objection other than their inapplicable "legal conclusion" objection, the court orders each to answer RFA 12.

### B. Qualified Denials (Armbrister RFAs 2, 3, and 4; Bunting RFA 14; Gonzalez RFAs 14 and 15)

Next, Polk asks the court to determine the sufficiency of RFA answers that deny the request but that also include a statement expounding on the denial. These are Armbrister's responses to

---

the above statement is legally untenable, incorrect, or otherwise a potentially false statement/stance?"

Bunting RFA 20 reads: "In light of Question 11, your statement in your March 20, 2024 response, 'Is what you are Requesting even considered a recognized common religious practice that is a part of Norse Paganism' – are you, in another form, echoing your underlying's [sic] potentially wrong legal stance in light of the 'sincerely held' standard, instead of the 'centrality' which your question is clearly focused on?"

RFAs 2-4, Bunting's amended response to RFA 14, and Gonzalez's amended responses to RFAs 14 and 15. Polk argues that, in qualifying the denial, the respondent is attempting to "side-step the question" asked. (ECF 67, at 6.)

Armbrister RFAs 2-4 ask Armbrister to admit that specified DCCF officers assumed a role outlined in the DCCF handbook when officially responding to Polk's grievances. For example, RFA 2 stated, "Do you admit that Defendant Gonzalez assumed the role of 'shift supervisor' as outlined in the DCCF Handbook, when he filed his official responses on July 18, 2022, and March 4, 2024?" Armbrister denied each request, but then qualified the denial by stating the officer's official title. Thus, for RFA 2, Armbrister checked "deny" and stated, "Lt. Gonzalez was an Administrative Lieutenant." The court agrees with Polk that this response is insufficient. Rule 36(a)(4) mandates that "[a] denial must fairly respond to the substance of the matter" asked. Armbrister's responses to RFAs 2-4 did not respond to the questions asked, which was whether an officer functioned as a "shift supervisor" or "Operations Captain," *as those terms are defined in the DCCF Handbook*. Instead, Armbrister simply listed the officer's title—which may have nothing at all to do with how the officer functioned in responding to Polk's grievances. The court does not have a copy of the DCCF Handbook and has no knowledge of how it defines roles like "shift supervisor." But if, for example, there are certain aspects of the "shift supervisor" role that Gonzalez performed but other aspects that he did not perform, it was incumbent on Armbrister to specify the distinctions in his response to RFA 2. A similar analysis applies to RFAs 3 and 4. Armbrister is ordered to serve amended responses to RFAs 2-4. Polk's motion is granted as to these RFAs.

The court reaches a different conclusion with respect to Bunting's amended response to RFA 14 and Gonzalez's amended responses to RFAs 14 and 15. In these responses, the answering

party denied the RFA as a whole, but went on to qualify that denial with reference to the specific substance of the request. Although the respondents could have been more exact in specifying their reasons for denying each portion of the requests, on whole the answers are sufficient and demonstrate the respondent's good-faith effort to qualify his denial. Polk's motion to deem these RFAs admitted is denied.

### C. "Vague and Ambiguous" Objections (Armbrister RFAs 6, 7, and 8)

Polk's next challenge is to Armbrister's responses to RFAs 6-8, in which Armbrister lodged "vague and ambiguous" objections and did not answer. (ECF 67-1, at 2-3.) In determining whether an RFA is vague or ambiguous, the court will consider "information reasonably available to" the responding party. *Audiotex*t, 1995 WL 625744, at *3.

The court overrules Armbrister's "vague and ambiguous" objections to RFAs 6-8. Each of these RFAs referenced "responses" or "communication," which standing alone might be deemed vague or ambiguous. But Polk qualified each reference with a specific date, making its meaning clear in light of information available to Armbrister. For example, RFA 7 asked Armbrister to "admit that on January 9, 2023, the Plaintiff attempted to initi[ate] communication pertaining to this legal action prior to the initial filing in Douglas County District Court." (ECF 67-1, at 3.) There is no dispute in this case that Polk provided Armbrister with a written document dated January 9, 2023, to which Armbrister responded on January 12, 2023—defendants clearly acknowledged these communications in their answer to the second amended complaint. (ECF 49 ¶¶ 22, 23.) Defendants do not deny that Polk's January 9 communication stated that it was his "last option before filing in either state or federal court." (ECF 44 ¶ 18; ECF 49 ¶ 22 (noting that the "document speaks for itself").) Thus, given the information available to defendants, a fair reading of RFA 7 is that the January 9, 2023 "communication" referenced is the document

defendants acknowledged in their answer. Likewise, RFA 6 references specific dates set out in RFAs 2, 3, and 5; and RFA 8 lists a specific date on which Polk again communicated with Armbrister. When placed in context by reference to a date, these RFAs are not vague or ambiguous. Thus, Polk's motion is granted as to these RFAs; Armbrister is ordered to serve amended answers to RFAs 6-8.

### D. No Reason Given for not Admitting or Denying (Armbrister RFA 9, and Bunting RFA 18)

Polk also asks the court to determine the sufficiency of two responses in which the respondent asserted that he could not admit or deny the RFA "as drafted." First, in RFA 9 directed to Armbrister, Polk asked Armbrister to "admit that on September 26, 2023, you responded to the Plaintiff's letter on September 17, 2023, stating 'yet, you chose to file a lawsuit without reaching out to me at any point about any issue', despite evidence of the January 9, 2023, communication attempts existence[.]" (ECF 67-1, at 3.) Armbrister did not admit or deny the request. Armbrister stated, "This Defendant cannot admit or deny the Request as drafted. It is admitted that the communication dated September 26, 2023, is a written document that speaks for itself." (*Id.* at 4.)

Rule 36(a)(4) mandates that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *See also Audiotext,* 1995 WL 625744, at *2 (quoting *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 812 F. Supp. 966, 987 (D. Neb. 1993) ("A general statement that [the party] can neither admit nor deny, unaccompanied by reasons, will be held an insufficient response.")). Armbrister's answer does not give *any* reason why he cannot admit or deny RFA 9, let alone a *detailed* reason. Moreover, an objection that a "document speaks for itself" is insufficient under Rule 36. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.,* 246 F.R.D. 522, 531–32 (S.D. W. Va. 2007) (overruling objection that a document speaks for itself); *Audiotext*, 1995 WL 625744, at *7

(overruling objection that the complaint speaks for itself); *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) (stating that the "document speaks for itself" objection is both "tautological" and "a waste of time "). Thus, Armbrister's answer to RFA 9 is insufficient. Armbrister is ordered to serve an amended answer.

Second, in RFA 18 directed to Bunting, Polk asked, "Do you admit that the proposed 'alteration' listed items [] are all readily available to DCCF in bulk quantities through one or more approved vendors?" (ECF 67-1, at 27.) Bunting responded, "This Defendant cannot admit or deny the Request as drafted. While some of the items may be commonly available Mr. Polk Requested them in very exact proportions or quantities." (*Id.*) The court finds this response likewise does not "state in detail why the answering party cannot truthfully admit or deny" the RFA. Although Bunting adds an additional sentence to his narrative response, that sentence largely does not address the substance of the question asked in RFA 18. If the first part of the narrative answer is true, then the proper response would have been for Bunting to admit that some of the proposed "'alteration' list items" are available to DCCF through one or more approved vendors. But Bunting should not then have added the non sequitur that "Mr. Polk requested them in very exact proportions or quantities." The RFA is asking if the items were available in "bulk quantities." It makes no difference if Polk requested them in exact proportions or quantities—certainly if the items were available in bulk quantities, then they were available in lesser quantities. So Bunting's purported "clarification" is a nonstarter that does not address the substance of the RFA. Bunting is ordered to serve an amended answer to RFA 18. Bunting may answer, for example, that "some of the items are readily available through one or more approved vendors, and some of the items are available in bulk quantities; otherwise denied," but Bunting must be clear about what he is admitting and what he is denying.

10

### E. Qualified Admission (Gonzalez and Bunting RFA 10)

Polk also asks the court to consider whether Gonzalez and Bunting's amended responses to RFA 10 are sufficient. RFA 10 asked Gonzalez and Bunting to "admit that the Plaintiff has submitted multiple sources of information denoting a reasonable basis to potentially allow a jury or judge to determine the plaintiff does hold each day of the week as dedicated to specific deities within his faith." (ECF 67-1, at 11, 24.) Although neither defendant checked an "admit" or "deny" box, each stated that he "admits that Plaintiff has submitted information rationalizing why he believes that most days of the week should be treated as holidays." (*Id.*) Gonzalez went on to note that he "cannot speculate as to what a jury might determine." (*Id.* at 11.) These responses fairly address the substance of the RFA and answer it in good faith. The court deems the responses sufficient. Polk's motion is denied as to Gonzalez and Bunting RFA 10.

### F. Narrative Admission, But No Box Checked (Gonzalez and Bunting RFA 13)

RFA 13, served on Gonzalez and Bunting, asked each to "admit that in the Plaintiff's 10 February 2024 grievance, he specifically wrote 'An alternate arrangement is available, should the Defendants inquire in person.' See doc. 30-1, pg. 14 of 15, lines 15 &16."[3] (ECF 67-1 at 12, 25.) Neither Gonzalez nor Bunting checked the subsequent "admit" or "deny" box, yet both went on to state in narrative form: "This Defendant admits that this statement was made during Polk's first religious diet alteration grievance that was addressed by [Gonzalez]." (*Id.*) Both defendants then went on to provide additional information that did not respond to the substance of the request (which simply asked what a document said, not what action defendants took in response). The court deems RFA 13 admitted by both Gonzalez and Bunting. Polk's motion is granted in this respect.

---

[3] ECF 30-1 is a copy of Polk's Inmate Grievance Form dated February 10, 2024.

### G. "Lack of Knowledge" Response (Gonzalez RFA 18)

In Polk's RFA 18 to Gonzalez, Polk asked Gonzalez to "admit that the proposed 'alteration' listed items [] are all readily available to DCCF in bulk quantities through one or more approved vendors." (ECF 67-1, at 14.) Gonzalez responded, "This Defendant cannot admit or deny this request for the reasons set forth in RFA No. 17, above, and the fact that he has no involvement in the purchase of food which is the responsibility of the food service director." (*Id.*) The court finds this response insufficient.

First, it is unclear how Gonzalez's response to RFA 17 (a denial accompanied by an explanation that has nothing to do with whether DCCF could purchase any items in bulk) prevents him from admitting or denying RFA 18.

Second, Rule 36(a)(4) permits a responding party to "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *See also Harris v. Oil Reclaiming Co.,* 190 F.R.D. 674, 679 (D. Kan. 1999) ("The party must in some way show that he has, in fact, made a 'reasonable inquiry' and that information 'readily available' to him is insufficient to enable him to admit or deny the statement."); *Audiotext,* 1995 WL 625744, at *2 (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, No. CIV.A. 88-9752, 1992 WL 394425, at *2 (E.D. Pa. Dec. 28, 1992)) ("In order to facilitate the purposes behind Rule 36(a), 'a party upon which a Request for Admission is served must make a good faith effort to obtain information so he can admit or deny the request.'"); *Johnson Int'l*, 812 F. Supp. at 987 ("Rule 36(a) requires a party answering a request for admission to ascertain the truth if the ability to do so is 'reasonably within his power.'"). Here, Gonzalez stated that "he has no involvement in the purchase of food which is the responsibility of the food

12

service director," which suggests Gonzalez may lack information sufficient to admit or deny the request. But Gonzalez did not state that he took the required next step of making a reasonable inquiry of the food service director (or anyone else) in an attempt to gain knowledge sufficient to enable him to admit or deny RFA 18. Thus, Gonzalez's answer to RFA 18 does not comply with Rule 36(a), and the court orders him to serve an amended answer to this RFA. Polk's motion is granted as to RFA 18.

**H. Inability to Answer Due to RFA's Form (Gonzalez and Bunting RFA 16).**

Finally, the court considers RFA 16, which was served in identical form on Gonzalez and Bunting, and the sufficiency of the responses to the same. RFA 16 reads:

> Did you verify the information the Plaintiff supplied in his grievance dated February 10, 2024, including but not limited to, the following:
> -   Etymological history concerning the names of the days of the week; and
> -   Definitions from "The Asatru Eddas;" and
> -   Citations of various portions of the "Poetic Eddas;" and
> -   Excerpts from H.A. Guerber's text; and
> -   Information from "The Encyclopedia of Religions;" and
> -   Additionally listed, but not cited, published texts.
> Admit: ___
> Deny: ___

(ECF 67-1, at 13, 26.) Gonzalez responded:

> This Defendant cannot admit or deny this request as drafted because it is in the form of an interrogatory. This Defendant did not "verify" the information but reviewed and researched it and found no justification to support the demand for increased religious meals.

(*Id.* at 13.) Bunting responded:

> This Defendant cannot admit or deny this Request. The information provided by Polk was taken as fact, but it did not provide any relevant information for the decision concerning the number of days Mr. Polk Requested to observe. Instead, Mr. Polk attempted to justify why he personally wanted to create a holiday for each day of the week given their names which is a philosophical position.

13

(*Id.* at 27.)

The court finds the answers sufficient, given the nature of the request. As written, RFA 16 does not call for the respondent to admit or deny a clearly stated fact. It is vague in its use of the terms "verify" and "including but not limited to." It is compound by including six subparts. Although these deficiencies prevented defendants from simply checking the "admit" or "deny" box, defendants' narrative responses fairly addressed the substance of RFA 16. Polk's motion is denied as to these responses.

**IT IS THEREFORE ORDERED** that Polk's motion to determine the sufficiency of defendants' answers to certain requests for admission (ECF 67) is granted in part and denied in part, as discussed above.

**IT IS FURTHER ORDERED** that RFA 13 served on Bunting and Gonzalez is deemed admitted by both.

**IT IS FURTHER ORDERED** that, where so directed above, defendants serve supplemental answers to Polk's RFAs by **December 3, 2024**. This directive applies to Bunting RFAs 12 and 18, Gonzalez RFAs 12 and 18, and Armbrister RFAs 2-4 and 6-9.

**IT IS FURTHER ORDERED** that defendants' motion to strike Polk's reply brief (ECF 74) is denied as moot. The Clerk is directed to send Polk a copy of the District of Kansas Local Rules by regular mail.

Dated November 20, 2024, at Kansas City, Kansas.

                                                      s/ Angel D. Mitchell
                                                      Angel D. Mitchell
                                                      U.S. Magistrate Judge